IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-12-1252-C |
| ) | |
| ENERGY SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Russell Lewis was employed by Defendant as a transportation services manager. While so employed, Mr. Lewis suffered from a progressive and chronic condition known as Chronic Obstructive Pulmonary Disease ("COPD"). Mr Lewis alleges that COPD is a disability under the Americans with Disabilities Act as amended ("ADAA"). During the course of his employment, Mr. Lewis, on several occasions, notified Defendant of difficulties that were caused as a result of his disability and sought accommodations under the ADAA. Ultimately, Defendant terminated Mr. Lewis's employment. Thereafter, Mr. Lewis filed the present action seeking damages under the ADAA and/or the Oklahoma Anti-Discrimination Act ("OADA"). Shortly after this action was filed, Mr. Lewis died. Mary Murlene Lewis, the administrator of the estate of Russell Lewis, then filed a Motion to Substitute Party pursuant to Fed. R. Civ. P. 25(a), requesting that she be substituted as Plaintiff in this matter. In support of this motion, Ms. Lewis supplied the Court with an order appointing her as administrator from the state court handling Mr. Lewis's estate. Defendant objects to the Motion to Substitute Party and has also filed a Motion to Transfer, seeking transfer of this

case to an appropriate district court in Utah. Because the pending motions are interrelated, the Court will address both in this Order.

Defendant argues that the request to substitute party should be denied, as the survivability of Mr. Lewis's ADAA claim should be governed by Utah law, and under Utah law the claim would not survive Mr. Lewis's death. Consequently, Defendant argues, substitution would be improper and this matter should be dismissed.

As the parties recognize, the ADAA does not have a survivability clause. Rather, state law governs the survival of statutory civil rights actions. See Hopkins v. Okla. Pub. Emps. Ret. Sys., 150 F.3d 1155, 1158-59 (10th Cir. 1998), and United States EEOC v. AIC Sec. Invs., Ltd., 55 F.3d 1276 (7th Cir. 1995). Thus, the question now becomes whether Oklahoma law or Utah law applies to determine whether or not Mr. Lewis's ADAA claim will survive his death. According to Defendant, whether the claim would survive under Oklahoma law is unclear, but, Defendant argues, it is clear that claim would not survive if Utah law applies. Thus, a conflict of laws question exists.

The parties are in agreement that the appropriate choice of laws test to be applied is determining which state has the most significant contacts. The parties are also in agreement that under Oklahoma law, the following four factors are considered determinative: "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred." Brickner v. Gooden, 1974 OK 91, ¶ 23, 525 P.2d 632, 637 (adopting § 145 of the

Restatement (Second) Conflicts of Law). Defendant argues that applying these factors leads to the conclusion that this matter must be governed by Utah law.

According to Defendant, the only alleged injury – Mr. Lewis's termination – occurred in Oklahoma, and that is the only factor favoring the application of Oklahoma law. Defendant argues the conduct which caused any alleged discrimination or retaliation based on Mr. Lewis's disability occurred in Utah, as that is where the decisions regarding Mr. Lewis were made. Defendant also notes that it is a Utah corporation with no offices or employees in Oklahoma and that virtually every witness identified during discovery resides in Utah. According to Defendant, the relationship between Mr. Lewis and Defendant was centered in Utah and all employment direction received by Mr. Lewis during his employment with Defendant came from Utah.

Ms. Lewis, of course, sees things differently. She argues that the ultimate decision to terminate Mr. Lewis, while perhaps made in Utah, was effective in Oklahoma, as that is where Mr. Lewis was when it was communicated to him. Ms. Lewis argues that as the parties are equally divided between Utah and Oklahoma, the domicile and residence of the parties should not be a determinative factor. She then asserts that the center of the relationship lies in Oklahoma under the applicable law because Mr. Lewis was recruited in Oklahoma, the agreement to go to work for Defendant occurred in Oklahoma, that when Mr. Lewis worked for Defendant he left Oklahoma to work and returned to Oklahoma when finished. Thus, Ms. Lewis argues, Oklahoma is the state with the most significant contacts to Mr. Lewis's employment relationship.

After applying the four factors noted above, the Court finds Oklahoma is the state with the most significant contacts to the employment relationship. Mr. Lewis was informed of his termination while he was in Oklahoma; thus, that is the place where the injury occurred. See Boone v. MVM, Inc., 572 F.3d 809, 813 (10th Cir. 2009) (holding the injury occurs in the state where the employee is located when the employment decision is communicated). The first factor weighs in favor of Plaintiff. Countering that is consideration of the second factor, the place where the decision was made which led to the offensive conduct, Utah. The second factor weighs in favor of Defendant. The third factor is neutral, as each party is domiciled and a resident of its respective state; that is, Mr. Lewis in Oklahoma and Defendant in Utah. Thus, the deciding factor is the place where the relationship between the parties was created. The Court finds that that relationship was centered in Oklahoma. The facts before the Court establish that Defendant solicited Mr. Lewis for employment while Mr. Lewis was located in Oklahoma; that Mr. Lewis accepted the job offer while he was in Oklahoma, and did his work traveling to and from Oklahoma; and, as noted above, received the decision of termination while in Oklahoma. "It is the not the place of an employer's offer that establishes where the contract is made. Instead, 'a contract is deemed to have been made where [the employee's] final assent to the offer is given.'" Triad Transp., Inc. v. Wynne, 2012 OK 30, ¶ 8, 276 P.3d 1013, 1016 (quoting Garrison v. Bechtel Corp., 1995 OK 2, ¶ 18, 889 P.2d 273, 281). Because the fourth and deciding factor weighs in favor of Plaintiff, the Court finds that Oklahoma is the place with the most significant ties to the relationship between the parties and therefore Oklahoma law should govern.

Now the question is whether Mr. Lewis's ADAA claim survives under Oklahoma law. Defendant, relying on Black v. Cook, 444 F.Supp. 61 (W.D. Okla. 1977) (a 42 U.S.C. § 1983 case for failure to inspect jail), argues it does not.  However, as Plaintiff notes, the Tenth Circuit in two more recent cases has held the opposite.  In Hopkins v. Oklahoma Public Employees Retirement System, 150 F.3d 1155, 1159-60 (10th Cir. 1998), the Circuit held that a § 1983 claim raising alleged violation of the double jeopardy and excessive fines clauses survived the death of the plaintiff via 12 Okla. Stat. § 1052.  In Slade for Estate of Slade v. U.S. Postal Service, 952 F.2d 357, 360 (10th Cir. 1991), the Circuit held that the plaintiff's Title VII claim survived his death pursuant to 12 Okla. Stat. § 1051, as a personal injury action survived under that statute.  In light of controlling precedent from the Tenth Circuit, the Court holds Mr. Lewis's claim survives under Oklahoma law.  Therefore, the Court finds that the Motion to Substitute Party (Dkt. No. 27) should be granted.

Defendant has filed a Motion to Transfer Venue, arguing that this case should be transferred to Utah under 28 U.S.C. § 1404(a).  Defendant concludes that because this case could have been brought in the District Court of Utah, the Court may transfer the case there for the convenience of the parties and the witnesses.  The Court notes that Mr. Lewis had contacts sufficient with Utah to support exercise of personal jurisdiction and that venue is proper in Utah.  In support of the fairness and convenience argument, Defendant observes that virtually all the witnesses are located in Utah and all the documents are located in Utah.  Defendant also notes that one witness in particular, the person who made the decision to place Mr. Lewis under the reduction in force policy, is no longer employed by Defendant.

5

Defendant suggests that it would be difficult, if not impossible, to compel this witness's testimony in Oklahoma and that this factor should be persuasive in causing the Court to transfer the action to Utah.  In contrast, Defendant notes that the only witness who resides in Oklahoma is Ms. Lewis, and that she would have little, if any, knowledge about the facts regarding whether or not Mr. Lewis's termination was discriminatory.

Ms. Lewis, on the other hand, argues that there are a number of physicians who will testify to the nature and extent of Mr. Lewis's disability and that those physicians are located in Oklahoma.  Ms. Lewis also notes that, given the varying financial abilities of the parties, to impose an obligation on her to transfer to Utah would be an undue burden on her ability to pursue this claim.

After consideration of the parties' arguments in support of their respective positions, the Court finds that the balance of factors is relatively neutral.  That is, neither Plaintiff nor Defendant has a strong argument in favor of their chosen venue.  In this instance, it is the Plaintiff's choice of venue that controls.  As the Tenth Circuit has stated, "'[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed.'"  Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)).  Accordingly, Defendant's Motion to Transfer (Dkt. No. 26) will be denied.

For the reasons set forth herein, Ms. Lewis's Motion to Substitute Party (Dkt. No. 27) is GRANTED, and Defendant's Motion to Transfer Venue (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 28th day of June, 2013.

ROBIN J. CAUTHRON
United States District Judge